[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13721
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20463-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANDY ROSCOE MCNAIR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 20, 2017)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Sandy Roscoe McNair appeals the sentence imposed following the revocation of his supervised release.  McNair was sentenced to 11 months' imprisonment, to be followed by a 25 months' supervised release.  As a special condition of supervised release, McNair was to be placed in an inpatient treatment program for 90 days to be followed by 90 days in a residential reentry program.  On appeal, McNair argues that his sentence was substantively unreasonable because the sentence was greater than necessary to serve the sentencing goals laid out in 18 U.S.C. § 3553(a).  He contends that because there had been no subsequent criminal activity or violent conduct, his case warranted a lower sentence.

Sentences imposed by district courts are reviewed on appeal for reasonableness.  *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).  We apply an abuse of discretion standard when reviewing a sentence for reasonableness.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  We first ensure that the district court committed no significant procedural error, and then examine whether the sentence was substantively reasonable in the light of the totality of the circumstances.  *Id.* at 51.  The party who challenges the sentence bears the burden

2

to show that the sentence is unreasonable in the light of the record and the §

3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence which is sufficient, but not greater

than necessary, to comply with the purposes listed in § 3553(a)(2), including the

need to reflect the seriousness of the offense, promote respect for the law, provide

just punishment for the offense, deter criminal conduct, and protect the public from

the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing

a particular sentence, the court must also consider the nature and circumstances of

the offense, the history and characteristics of the defendant, the types of sentences

available, the applicable guideline range, the pertinent policy statements of the

Sentencing Commission, the need to avoid unwarranted sentencing disparities, and

the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)-(7).

The weight given to a specific § 3553(a) factor is committed to the sound

discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir.

2007). But a court can abuse its discretion when it (1) fails to consider relevant

factors that were due significant weight, (2) gives an improper or irrelevant factor

significant weight, or (3) commits a clear error of judgment by balancing the

proper factors unreasonably. *United States v. Irey,* 612 F.3d 1160, 1189 (11th Cir.

2010) (en banc).

3

Although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). That a sentence is under the maximum sentence available under law is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Upon review of the record and consideration of the parties' briefs, we see no reversible error.

McNair's sentence is reasonable. McNair does not argue that the district court committed a procedural error. On substantive reasonableness, McNair has not demonstrated that the district court abused its discretion in fashioning his sentence. At the final revocation hearing, the district court considered facts relevant to many of the sentencing factors, including McNair's personal history, the characteristics of the violations, the likelihood of recidivism and the consequences that would result therefrom, the need for deterrence, the need for substance abuse treatment, the kinds of sentences available, and the guideline range. The court referred specifically to McNair's drug use almost immediately upon release, the repeated rule violations, and the likelihood of reoffending as reasons to sentence McNair at the high end of the guideline range with an extended term of supervised release. It was within the district court's discretion to determine the weight to be given to these factors. *See Clay*, 483 F.3d at 743.

4

McNair's sentence was within the guideline range, which we typically expect to be reasonable.  *See Hunt*, 526 F.3d at 746.  Thus, under the totality of the circumstances, the sentence achieves the purposes of § 3553(a).  Accordingly, we affirm the sentence.

**AFFIRMED.**